# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE RAMIREZ, | 1:08-cv-00550 OWW DLB HC |
|     Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
|     v. | |
| JOHN MARSHALL, Warden, | [Doc. 1] |
|     Respondent. / | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on April 14, 2008, in the Sacramento Division of this Court. (Court Doc. 1.) The petition was transferred to the Fresno Division on April 22, 2008. (Court Doc. 5.)

On March 23, 1998, following a trial in the Kern County Superior Court, Petitioner was convicted of possession of cocaine in violation of California Health and Safety Code § 11350(a), and possession of drug paraphernalia in violation of § 11364. It was further alleged and found true that Petitioner previously suffered four serious and/or violent felony convictions within the meaning of California Penal Code sections 667(c)-(j) and 1170.12(a)-(e). Petitioner was sentenced to 25 years to life.

In the instant petition, Petitioner contends that the trial court illegally sentenced him to the aggravated term in violation of the United States Supreme Court's decision in Cunningham v.

California, __ U.S. __, 127 S.Ct. 856 (2007).[1]

Petitioner has previously filed a petition for writ of habeas corpus in this Court challenging the same conviction on March 6, 2000 in 1:00-cv-05379 DLB P, which was denied on the merits on November 14, 2002, and judgment was entered on November 18, 2002. (Court Docs. 22, 23.) On May 2, 2003, the United States Court of Appeals for the Ninth Circuit denied a certificate of appealability. (Court Doc. 31.)

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or

---

[1] There, the Supreme Court held that the middle term in California's determinate sentencing law was the relevant statutory maximum for the purpose of applying Blakely and Apprendi. Id. at 868. Specifically, the Court held that imposing the upper sentence violated the defendant's Sixth and Fourteenth Amendment right to a jury trial because it "assigns to the trial judge, not the jury, authority to find facts that expose a defendant to an elevated 'upper term' sentence." Id. at 860.

1 successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v.
2 Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997); Nunez v.
3 United States, 96 F.3d 990, 991 (7th Cir. 1996).

As previous stated, the prior petition in 1:00-cv-05379 DLB P was denied on the merits on merit, and judgment was entered in favor of Respondent. Although the instant claim arising from the Supreme Court's decision in Cunningham was not presented in the prior federal petition, Petitioner has not made any showing and the Court concludes that it does not rely on a new rule of law applied retroactively to cases that are already final.[2] Nor has Petitioner identified that the factual predicate for his claims could not have been discovered previously, as required under section 2244(b)(2)(B). Therefore, because the prior petition was adjudicated on the merits, and the instant petition is a "second or successive petition" under § 2244(b)(3)(A), it must be dismissed, without prejudice, to re-filing if Petitioner seeks and obtains approval in the Ninth Circuit Court of Appeals.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

---

[2] In Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060 (1986), the Supreme Court held that "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." Teague, 489 U.S. at 310. Although, it appears that the rule announced in Cunningham is an extension of the rules announced in Apprendi and Blakely, the Cunningham decision was a six-member majority opinion. Justices Alito, Kennedy, and Breyer, filed a dissenting opinion, reasoning that Apprendi should not be extended to California's determinate sentencing law, because the sentencing scheme was indistinguishable from the *advisory* Guideline scheme approved of in Booker. Justice Alito, writing for the dissent stated that "the Booker Court unanimously agreed that judicial factfinding under a purely advisory guidelines system would [] comport with the Sixth Amendment." Cunningham, 127 S.Ct. at 874.

In light of the split and strong dissent in the Cunningham decision, it simply cannot be said that the result in Cunningham was dictated by Blakely. Even though the holding in Blakely was the central reasoning in support of the majority opinion in Cunningham, mere application of a prior decision is not equivalent to being "dictated by precedent." A new rule is defined as "a rule that ... was not 'dictated by precedent existing at the time the defendant's conviction became final.'" Whorton v. Bockting, __ U.S. __, 127 S.Ct. 1173, 1181 (2007). In light of the fact that three justices found that California's sentencing scheme was more akin to the advisory Guidelines of which Booker approved, this Court finds that "reasonable jurists" could find the same. See e.g. Whorton v. Bockting, 127 S.Ct. at 1181.

In addition, neither Apprendi, Blakely, or Booker, have been applied retroactively. Sanchez-Cervantes, 282 F.3d 664, 666-667 (9th Cir. 2002); Schardt v. Payne, 414 F.3d 1025 (9th Cir. 2005); United States v. Cruz, 423 F.3d 1119, 1121 (9th Cir. 2005). This being so, it appears highly unlikely that Cunningham would be applied retroactively. This finding is supported by several district courts that have addressed the issue. See e.g. Fennen v. Nakayema, 494 F.Supp.2d 1148, 2007 WL 1742339 (E.D. Cal., June 14, 2007); Rosales v. Horel, 2007 WL 1852186 (S.D. Cal., June 26, 2007); Salerno v. Schriro, 2007 WL 2153584 (D. Ariz., July 24, 2007).

1.       The instant petition for writ of habeas corpus be DISMISSED, without prejudice, as a successive petition.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 16, 2008**          /s/ **Dennis L. Beck**
                                   UNITED STATES MAGISTRATE JUDGE